**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 07-50033-06 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| GREGORY BRIAN HEARN (06) | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Record Document 194) filed by Petitioner Gregory Brian Hearn ("Hearn"). Hearn argues that his sentence was increased because he was deemed a "career offender" under United States Sentencing Guideline ("U.S.S.G.") § 4B1.1(a). See id. He maintains this enhancement at sentencing was improper under Mathis v. United States, 136 S.Ct. 2243 (2016) and United States v. Hinkle, 832 F.3d 569 (5th Cir. 2016). See id. He asks the Court to vacate his sentence and resentence him without the career offender enhancement under U.S.S.G. § 4B1.1(a). See id.

The Government answered Hearn's motion. See Record Document 198. The Government noted that prior to Hearn's guilty plea, it filed a Notice of Prior Narcotics Conviction Pursuant to 21 U.S.C. § Section 851. See Record Document 109. The information was based on Hearn's November 13, 2003 Texas conviction for manufacture or delivery of a controlled substance, a felony drug offense. See id. This notice caused Hearn to be subject to a mandatory minimum of 20 years imprisonment.[1] While his

---

[1] Earlier in the case, the Government had filed a Notice of Prior Narcotics Convictions Pursuant to 21 U.S.C. § Section 851 (Record Document 4) outlining two prior felony drug offenses. This notice would have subjected Hearn to a mandatory life sentence.

guideline range was 140 to 175 months, Hearn was sentenced to 240 months imprisonment pursuant to the Section 851 notice and the enhanced sentence under 21 U.S.C. § 841(b)(1)(A)(iii). See Record Documents 109, 135. Hearn was not sentenced or enhanced pursuant to the Armed Career Criminal Act ("ACCA") or the career offender enhancement under U.S.S.G. § 4B1.1(a).

Hearn's sentence was imposed on April 2, 2008. See Record Document 134. He timely appealed and his conviction was affirmed by the United States Court of Appeals for the Fifth Circuit on March 11, 2009. See Record Document 176. Hearn did not petition for a writ of certiorari. Thus, his conviction became final 90 days later. Hearn did not file the instant Section 2255 motion until September 9, 2016.

The statute of limitations for a Section 2255 motion is one year. See 28 U.S.C. § 2255(f). The one year period begins to run from the latest of four events:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. The Government challenges the timeliness of Hearn's motion, as it was filed more than one year after his conviction became final. Hearn argues his Section 2255 motion is timely under Section 2255(f)(3) & (4). The Court will assume for the limited purpose of the instant Memorandum Order that Hearn's Section 2255 motion is timely.

The Government also argues that Hearn cannot prevail on the merits of his motion because <u>Mathis</u> and <u>Hinkle</u> apply to enhancements made under the ACCA and 18 U.S.C. § 924(e), not enhancements for prior felony drug offenses under 21 U.S.C. §§ 841(b)(1)(A)(iii) and 851. This Court finds guidance in <u>Collier v. United States</u>, No. 1:12CV376, 2017 WL 3879096 (E.D. Tex. July 13, 2017), Report and Recommendation adopted, No. 1:12-CV-376, 2017 WL 3903018 (E.D. Tex. Sept. 5, 2017), wherein the court stated:

> In <u>Mathis</u>, the Supreme Court held that when determining whether a prior conviction qualifies as a predicate offense under the ACCA, a sentencing court may subdivide the statute which formed the basis for the prior conviction only if the statute contains multiple elements constituting separate crimes rather than simply multiple means of committing the same offense. <u>United States v. Wright</u>, —— Fed.Appx. ——, 2017 WL 1032310 (5th Cir. Mar. 15, 2017). In <u>Hinkle</u>, the United States Court of Appeals for the Fifth Circuit held that a conviction pursuant to § 481.112(a) of the Texas Health and Safety Code does not qualify as a "controlled substance offense" for the purpose of § 4B1.1 of the United States Sentencing Guidelines.
> . . . <u>Mathis</u> and <u>Hinkle</u> do not apply to movant's case. Movant was not sentenced under the ACCA, making . . . <u>Mathis</u> inapplicable. Further, the Fifth Circuit's decision in <u>Hinkle</u> examined the definition of "controlled substance offense" as set forth in § 4B1.1 of the Guidelines, rather than the definition of "felony drug offense" set forth in 21 U.S.C. § 802(44). As the definition for "felony drug offense" set forth in Section 802(44) is the definition applicable to movant's case, and is different from the definition of "controlled substance offense" contained in § 4B1.1, movant's reliance on <u>Hinkle</u> is unavailing. As . . . <u>Mathis</u> and <u>Hinkle</u> do not provide movant with a basis for relief, the ground for review asserted in his supplemental motion to vacate is without merit.

<u>Id.</u> at *5–6. The Court agrees with the analysis set forth in <u>Collier</u>. Hearn's sentence was enhanced pursuant to 21 U.S.C. §§ 841(b)(1)(A)(iii) and 851, not the ACCA and 18 U.S.C. § 924(e). The analysis set forth in <u>Mathis</u> and <u>Hinkle</u> simply does not apply to Hearn's case.

Moreover, subsequent to the briefing filed in relation to the Section 2255 motion, Hearn received an Executive Grant of Clemency. See Record Document 205. On January 19, 2017, Hearn's sentence was commuted such that his term of imprisonment expired on January 19, 2019. See id. at 1-3. Thus, it appears that Hearn's request for his sentence to be vacated and then resentenced without the enhancement is now moot.

Accordingly,

**IT IS ORDERED** Hearn's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Record Document 194) be and is hereby **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Judge or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this the 11th day of July, 2019.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT